```
 1                      UNITED STATES DISTRICT COURT

 2                        DISTRICT OF CONNECTICUT

 3   _____
     PETER J. BONZANI, JR. )
 4           Plaintiff    )   NO: 3:16cv1730(AVC)
                          )   December 19, 2019
 5    vs.                 )   11:59 p.m.
     UNITED TECHNOLOGIES  )
 6   CORPORATION, ET AL   )
             Defendants   )
 7   _____)   141 Church Street
                              New Haven, Connecticut
 8

 9

10               TELEPHONIC SCHEDULING CONFERENCE

11

12   A P P E A R A N C E S:

13   For the Plaintiff :  Michael M. Mustokoff
                          Brett Feldman
14                        Alex Waleko
                          AJ Rudowitz
15                        Duane Morris LLP
                          30 South 17th Street
16                        Philadephia, PA 19103

17   For the Defendants:  Brian Tully McLaughlin
                          Jason M. Crawford
18                        Monica Sterling
                          Crowell & Moring LLP
19                        1001 Pennsylvania Ave NW
                          Washington, DC 20004
20

21                        John W Cerreta
                          Day Pitney LLP
22                        242 Trumbull Street
                          Hartford, CT 06103
23

24

25
```

1     THE COURT:  Good morning.  This is Judge Hall
2  speaking and I hope I have counsel on the line in the
3  matter known as Bonzani versus UTC, et al, 3:16cv1730.
4     If I can have appearances please.
5     MR. MUSTOKOFF:  This is Michael Mustokoff from
6  Duane Morris LLP, along with Brett Feldman, Alex Waleko
7  and AJ Rudowitz.
8     THE COURT:  Good morning to all of you.
9     MR. BENNETT:  Also on the line is Kane Bennett
10 from Aeton Law Partners for the plaintiff as well.
11    MR. MCLAUGHLIN:  For Pratt Whitney, Brian Tully
12 McLaughlin from Crowell and Moring.  My colleagues Jason
13 Crawford and Monica Sterling are on the line as well.
14    THE COURT:  Good morning.
15    MR. CERETTA:  John Ceretta from Day Pitney in
16 Hartford.
17    THE COURT:  Is there anyone else on the line
18 that hasn't stated their appearance?
19    I scheduled this because last December we had a
20 proceeding where some motions were addressed and I said
21 that if a further motion to dismiss is denied, we would
22 schedule a conference.  The scheduling conference to be
23 scheduled promptly after the motion to dismiss was
24 resolved.  Obviously I issued a ruling in November.  I
25 don't know if it is my fault because I didn't schedule it

1  or yours that you didn't ask for a conference.  Let me
2  say you needn't be shy in the future.  If I say something
3  is supposed to be scheduled and I don't schedule it, I
4  don't object to somebody contacting chambers and saying
5  we need a scheduling conference.
6           Be that as it may, we are here and we need to
7  figure out how this case which is three years old as we
8  speak is going to get to be trial ready.  Have the
9  parties conferred over a schedule to complete this case?
10          MR. MUSTOKOFF:  This is Mike Mustokoff
11 representing the Relater.  We have, Your Honor, and we
12 have a suggested schedule and I'm prepared to present it
13 to the Court, if you will.
14          We would ask for nine months to complete fact
15 and expert discovery with dispositive motions deadlines
16 to follow thereafter.
17          THE COURT:  What discovery has been done in the
18 case so far?
19          MR. MUSTOKOFF:  So far, Your Honor, I would have
20 to say it's been fairly limited because we were dealing
21 with a partial stay.  So it related to a relatively
22 narrow band of issues pending the motion to dismiss and
23 frankly, we had been expecting -- well, we agreed to a
24 rolling production of documents, and it was only revealed
25 recently that that roll was more of a trickle and that

1   the other day we spoke with defendant's counsel and we
2   were advised that no additional substantial, what we
3   would describe as substantial, production compared to the
4   avalanche we expected will be forthcoming.
5          So, therefore, it is clear to us that we have to
6   be much more specific between counsel as to exactly what
7   we would have expected and how we might go forward
8   expeditiously.
9          THE COURT:  The defendant's point of view on the
10  issue of schedule?
11         MR. MCLAUGHLIN:  This is Brian Tully McLaughlin
12  for Pratt.  We did speak.  The parties did speak about a
13  proposed schedule and as Mr. Mustokoff indicated the
14  Relater wishes nine months additional for fact discovery
15  to include depositions and written discovery.
16         We thought that six months would be sufficient,
17  but we're not going to object to their request.  But
18  other than that, we're fine with the schedule.
19         I will say just as to the document production, I
20  disagree with Mr. Mustokoff's characterizations that we
21  have had a lot of back and forth and meet and confers
22  with counsel on document production issues including
23  recently and we have sent a lot of production and we have
24  done a significant review and that's all I have to say on
25  that.

1          THE COURT:  All right.  Give me just a moment.
2  I'm trying to think through a schedule in my own mind.  I
3  will permit the nine months schedule.  I'm going to set
4  interim deadlines because I have a funny feeling in my
5  bones that there will be many disputes on document
6  production and that we need to get that done.
7          I don't know if the 26(f) order has been issued
8  by me ever in this case, but I will issue one now, and I
9  would emphasize the parties should carefully read it,
10 including the portion that if there is a motion to
11 compel, it must be filed in a limited period of time.  If
12 there are any discovery disputes, particularly over
13 documents, as soon as the conference is held motions
14 should be brought on.
15         And counsel should understand and carefully read
16 the Federal Rules 26 through 37.  Particularly the
17 amendments after the Duke conference.  If I see an
18 objection that something is overbroad, unduly burdensome
19 or not likely to lead to discoverable evidence, I will
20 sanction that lawyer who signs that objection.
21         If you have an objection, it must be specific
22 and you must produce all that is called for by the
23 requested discovery that is not objected to.
24         So if you object to a request for documents from
25 2010 to 2015, but the other party has asked for them from

1   2010 to 2019, you have to produce the '16 through '19
2   documents while you object to the 2010 to 2015.
3          I apologize if I'm telling learned counsel on
4   the phone things they already know, but I'm seeing too
5   many cases and lawyers who don't seem to understand their
6   obligations with discovery.
7          I will enter an order 26(f) order.  I'm going
8   to, as I say, set interim deadlines for document
9   production.  I'm going to order that all document
10  requests and interrogatories will be served in 14 days
11  and that production of anything called for or
12  interrogatory answers will be due within two months.
13         If there's a motion to compel, it must be
14  brought within seven days of any objection being asserted
15  and if it can't be resolved in seven days, the Court
16  would intend to hold a hearing promptly and not await a
17  written response.
18         Probably look for depositions to be done in
19  months three through five and expert disclosure and
20  deposition schedule for the latter four months of the
21  nine-month period with dispositive motions due about ten
22  and a half months out from today.
23         Obviously I will pick specific dates and I will
24  set that in my order and that will go out today or
25  tomorrow.

1             MR. MUSTOKOFF:  This is Mike Mustokoff.  Would
2     the Court be able to set a date with regard to inspection
3     of plant facilities and equipment as well in your order?
4             THE COURT:  Is that one of your discovery
5     requests?
6             MR. MUSTOKOFF:  Yes, it is.
7             THE COURT:  Have you already made it?
8             MR. MUSTOKOFF:  No, we have not, Your Honor.  We
9     had intended to.  It is something we discussed internally
10    here.
11            THE COURT:  Attorney McLaughlin, is there going
12    to be some objection to that request?
13            MR. MCLAUGHLIN:  We haven't received any request
14    nor have we ever discussed it with counsel, so I
15    can't comment on that.
16            THE COURT:  I would suggest Mr. Mustokoff that
17    you make that discovery request in the next two weeks.
18            With respect to that request, I would order that
19    the defendants file a response including any objection
20    within 21 days and that if that can't be resolved in a
21    week, then a motion to compel is filed seven days
22    thereafter.
23            MR. MUSTOKOFF:  Thank you, Your Honor.
24            THE COURT:  Is there anything further or any
25    objection or comment to the schedule the Court has set

```
 1  forth and will finalize in a written order?
 2          MR. MUSTOKOFF:  We have none, Your Honor.
 3          THE COURT:  The defense?
 4          MR. MCLAUGHLIN:  None for Pratt.
 5          THE COURT:  All right then.  Thank you very
 6  much.  I be appreciate you being available on short
 7  notice.
 8          (Whereupon, the above proceeding concluded at
 9  12:10 p.m.)
10
11
12          COURT REPORTER'S TRANSCRIPT CERTIFICATE.
13  I hereby certify that the within and foregoing is a true
14  and correct transcript taken from the proceedings in the
15  above-entitled matter.
16
17  /s/   Terri Fidanza
18  Terri Fidanza, RPR
19  Official Court Reporter
20
21
22
23
24
25
```